# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Edgar Zamoran-Aispuro** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:08CR02936-007JB** |
| | USM Number: **48128-051** |
| | Defense Attorney: **Erlinda Johnson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B) | 12/16/2008 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 29, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 4, 2011**
Date Signed

Defendant: **Edgar Zamoran-Aispuro**
Case Number: **1:08CR02936-007JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **97 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Edgar Zamoran-Aispuro, pursuant to a Plea Agreement, filed January 10, 2011 (Doc. 415), pled guilty to the Indictment, filed December 16, 2008 (Doc. 1), charging him with a violation of 21 U.S.C. § 846, that being conspiracy to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Plea Agreement stipulates to a sentence of 97-months imprisonment. See Plea Agreement ¶ 5, at 3.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Zamoran-Aispuro on March 22, 2011. In the PSR, the USPO calculated Zamoran-Aispuro`s total offense level to be 37. See PSR ¶ 77, at 18. The PSR calculated Zamoran-Aispuro`s base offense level to be 34. See PSR ¶ 69, at 16. The PSR contains a 2-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) based on Zamoran-Aispuro`s possession of a dangerous weapon. See PSR ¶ 70, at 17. The PSR contains a 4-level upward adjustment under U.S.S.G. § 3B1.1(a) based on Zamoran-Aispuro`s status as an "organizer, leader, manager, or supervisor in a criminal activity that involved five or more participants or was otherwise extensive." PSR ¶ 73, at 17. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Zamoran-Aispuro`s acceptance of responsibility. PSR ¶ 76, at 18. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 80, at 18. The PSR calculated that an offense level of 37 and a criminal history category I results in a guideline imprisonment range of 210 to 262 months. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Zamoran-Aispuro moves the Court for a 97-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 5, at 3. At the sentencing hearing on July 27, 2011, the parties agreed to the Court reducing Zamoran-Aispuro`s offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 37 and a criminal history category I produces a guideline sentence of 210 to 262 months.**

**The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Zamoran-Aispuro`s offense. The Court agrees with the parties that a sentence of 97 months is sufficient to reflect the seriousness of this offense. Zamoran-Aispuro certainly played an important role in this drug trafficking organization. He was the main partner of one of the other individuals in the organization, who was undoubtedly the leader. From the PSR, it appears that this organization was responsible for trafficking approximately twenty to fifty pounds of methamphetamine per week over at least a six-month period. Zamoran-Aispuro was also responsible for negotiating transactions between the drug-trafficking organization and their California source of supply. The USPO has identified Zamoran-Aispuro as a manager or supervisor in this criminal enterprise. The United States has indicated that it would seek such an enhancement if not for the Plea Agreement. There is a strong case to be made that the Court should sentence more in the guideline range based on the amount of drugs, firearms, and ammunition involved in this case. The United States has pointed, however, to some weaknesses in its case if the case were to proceed to trial, including the amount of drugs for which it could hold Zamoran-Aispuro accountable and its ability to successfully prove by a preponderance of the evidence that all of the sentencing enhancements would apply, including the firearm enhancement. Considering that there was a global settlement for the defendants in this case and also that the firearms were not on Zamoran-Aispuro at the time of his arrest, some variance regarding the firearms is justified. Additionally, the Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 97 months is sufficient to reflect the seriousness of Zamoran-Aispuro`s crime. The Court also notes that the differences between criminal offense levels in the range of 30 and above can have a significant impact on the sentencing guideline range. Some of the offense level enhancements in this case on which the advisory guideline range depends would require factual determinations that would have been heavily contested but for the Plea Agreement. Accordingly, this agreed sentence sufficiently reflects the seriousness of the offense, is long enough to promote respect for the law, provides just punishment given that a sentence of imprisonment is more appropriate than none at all, is long enough to afford adequate deterrence, both specifically and generally, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one**

that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Perhaps most important in this calculation, the Court believes that Zamoran-Aispuro`s sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). Accordingly, the Court sentences Zamoran-Aispuro to 97-months imprisonment.

☒　　The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends Phoenix Federal Correctional Institution, Phoenix, Arizona; secondarily recommends Tucson Federal Correctional Institution, Tucson, Arizona; and, lastly recommends Terminal Island Federal Correctional Institution, San Pedro, California, if eligible.**

☒　　The defendant is remanded to the custody of the United States Marshal.
☐　　The defendant shall surrender to the United States Marshal for this district:
　　　☐　　at  on
　　　☐　　as notified by the United States Marshal.
☐　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　　☐　　before 2 p.m. on
　　　☐　　as notified by the United States Marshal
　　　☐　　as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Edgar Zamoran-Aispuro**
Case Number: **1:08CR02936-007JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Edgar Zamoran-Aispuro**
Case Number: **1:08CR02936-007JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

Defendant: **Edgar Zamoran-Aispuro**
Case Number: **1:08CR02936-007JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to $6,025.00 in United States Currency and a New England Firearms R92 .22 caliber handgun (s/n NH015293), seized from 6109 Vaughn NE, Rio Rancho, New Mexico, on December 18, 2008.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.